Chief Justice Robertson,
delivered the opinion of the court.
This is an appeal fi om a judgment in favor of Augustine W. Holland, for §¡727, rendered in an action of “trespass,” brought by him against, George Daniel, for taking, and conversing to his own use, a man slave, named Hardy, “ belonging to the plaintiff A
The defendant filed two special pleas, alleging, in substance, that as deputy sheriff, he levied on, and sold the slave, in virtue of a fieri facias in his hands, against Drury C. Holland, who was the owner of him.
A. W. Holland took issue on these pleas, by averring that the slave belonged to him, and not to D. C. Holland.
•The main question presented by the record, is, whether the evidence authorized the verdict. But the pleadings furnish some preliminary and minor points for consideration, and which will therefore, be first noticed.
The declaration is drawn unskilfully. But the counsel for the appellant, is mistaken, in supposing, that it is in trover. It is expressty in “trespass.” The allegation, that the appellant “converted” the slave, was superfluous, except for aggravation. But it is not fatal. It does not change the form of the action. The force in taking, might have been waived, and Case for trover maintained; But, when the declaration is in tresspass, no allegation, can convert the action into case.
The gist of trespass is force, that of trover is a conversion without force. The plaintiff, in this case, might *19 íiave brought either trespass or trover. He elected' to bring trespass, álihougli, in such an action for an injury to, or asportation of, personal property, it may be customary to aver, that the plaintiff had actual possession at the time of the t> espass, yet such an allegation is not indispensable. There is nosuch averment in this declaration; and this omission is supposedly the appellant’s counsel, to be fatal.
In trespass to personalty, a-verment ‘that plaintiff wa3 inpossessio; at. time of tres- . pass,” is not necessary.
Person in ac« lual possession may maintain trespass. No otherthan the person in possession can maintian trespass, for forcible intrusion on land. Owner of the fee cannot maintain tres* pass for entry on his land, whilst in the possession of another. It seems a declaration for trespass on law!, should aver “that plaintiff was in possession when trespass was committed.”
To mantain trespass for injury lo person* alty, actual possession is not necessary. Where owner of a chattel is neither in possession, not entitled to possession, he cannot maintain trespass for injury to it.
The- person in actual possession, may maintain trespass. No ocher, than the person in possession, can maintain trespass, for a forcibly intrusion on land; because, as trespass is an outrage on the possession, and the injury inflicted by it, is immediate, and not consequential, and as the abstract right in fee to land, does not draw after it the possession, the owner of the fee cannot maintain trespass for an entry, on his land, whilst in the possession of another. Whenever in such a case, he can prosecute any suit for consequential damages, resulting to the freehold, from the trespassof a stranger,he must bring case.
It would seem Lo result as a fair conclusion, that, as no one but the person in possession, when the trespass was commitred, can sue in tr-spuss, for the injury, and as the right to the land does not draw to the owner, the possession, a declaration for a trespass on land should aver, that the plaintiff was in the possession of it, when the trespass was committed.
As the gist of the ac< ¡on is the injury to the possession» actual possession is indispensable to the action; Vanbrunt vs. Shenck, XI Johnson, 386, Bennet vs. Ward, III Caines’ reports, 259, Campbell vs. Arnold, I Johnson’s reports, 511, Tobey vs. Webster, III Ib., 463, 1 Chitty, 175-6.
But, in trespass to personalty, actual possession is not necessary. The general property in a personal thing, draws to it the possession inlaw; and the possession of it, is prima facii evidence of right in the possessor. It is true, that the owner of a cha-tel may neither be in the possession, nor euti led to the possession of it, when a trespass may have been committed on it; and it is equally true, that in such a case, he could not maintain t-espass, for such an injury, unless the trespass consist in abusing a slave, for which the act of 1816, (II Digest, 1163,) allows an action of trespass. But it is not a necessary consequence, from these well settled principles, that the owner of a slave, or other *20 thing intrinsically personal, must aver possession, in a declaration, for a trespass committed on the slave or chattle.
If owner, of chattel is entitled to possession whenever he chooses to take it, he may maintain trespass for injury to it.
fCxecutor or administrator, may maintain trespass for injury done to goods of testator or intestate after his death, and before probate or administration. So may legatee, after executor has assented to legacy, for trespass before such assent.
Omission to aver “possession,” in declaration, for trespass to personalty, is cured by verdict.
The allegation of property is prima facie evidence of possession. The owner may maintain trespass for an injury done his chattel by force, although, at the time of the trespass, he was not in the actual possession, provided, he had sucha right, as to he entitled to the actual possession, whenever he pleased to take it. But if he had not such right, he could not maintain trespass; Putnam vs. Wyley, VIII Johnson’s reports, 432, Vanbrunt vs. Shenck, XI Ib. 383, II Sanders, 41, N. I. and the cases there cited, I Chitty, 167, III Starkie, 1143.
If, in this case, Hardy was hired out, so that Holland had nota right to take possession of him at any moment, according to tile contract of hire, the injury was to the reversion, and therefore, case appropriate remedy, III Thomas vs. Coke, 343,1 Selwin’s N. P. 421.
The rule, that the general property draws to it the constructive possession, and that such a possession will enable the owner to maintain trespass, even applies to executors, administrators and. legatees, by relation; for an executor or administrator may “maintain trespass for an injury done to the goods of the testator or intestate, after his death, and before probate or administration; so may a legatee, after the executor has assented to the legacy, for a trespass committed, before such assent;” I Chitty, 167, Ba. ab. executors, H. 1., II Sanders, 47, N. I.
An averment of property mayffié sufficient in trespass to personalty; see 1 Chitty, 365-6, II Ib. 426.
But if we are mistaken in the opinion, that an allegation of property, in a personal thing, imports prima, facie, that the owner has also the possession, still, the omission to aver possession, in a declaration for trespass by the owner, would be cured by verdict.
“A verdict will aid a title defectively set out, but not a defective title;” 1 Tidd’s Practice, 827, I Sal. 365, Letcher vs. Taylor, Hardin 80.
It is a rule ofpleading established by the common law, because it is a dictate of common sense, that after verdict,-it will be intended that every thing was proved, without proving which, there could not have been aver- *21 diet fortbe party; provided, tile declaration contain a general allegation of a came of action, defective only in some circumstance or fact, which may be embraced by it, and inferred from it*
Deojaration w;n be good after verdict, if it contain from which every fact ne~ cessary to maintain the action, may bre^mriy
Buller says, that “nothing is to be presumed after a verdict, but what is'expressly stated in the declaration, or necessarily implied from the facts which arc stated.” This ruléis unreasonable. ,
That which is necessarily implied by what is expressly-averred, is understood, and therefore virtually expressed. There is in pleading, no essential difference betwixt averring a fact positively, and alleging other facts expressly, from which, it must be necessarily inferred.
The sensible and practical rule is, that a declaration will be good after verdict, if it contain allegations, from which every fact necessary to maintain the action, may he fairly inferred-, but that a fact will not be presumed, which cannot be reasonably implied by what is alleged, or which has no natural or usual connection with any fact that is averred.
Now an allegation of property in a slave, does not ne-eessarily imply, that the owner had possession. But the possession may be inferred from the right, and has a natural and usual connection with it. , But if there had been no allegation of property in this case, there could be no inference, that there was possession.
We are, therefore, of the opinion, that the verdict cures the defective allegation of the cause of action, if It be defective; and we are fortified in this opinion by-high and express authority: See II Sanders, 47, n. 1, k.
The pleas are not unexceptionable; neither of them avers that the taking under the execution, is the same charged in the declaration.
But the plaintiff might have made a new assignment in his replication, and thus have brought the defendant to a certain issueable point. He has, however, waived all other objections to the plea, by taking issue on the liability of the slave to the execution.
The issue as taken, is not immaterial.
But for other reasons the judgment must be reversed.
It is our opinion that the evidence preponderated strongly against the verdict.
If possession <1 o. not accompany and follow sale of slave, it is void in law as to creditors, and cannot be aided by evidence of honorable and legal intentions.
There are strong badges of fraud in fact, in the alleged sale of the slave by D. C. Holland, to A. W. Holland. The sale was made on the day on which judgment for execution was rendered on a scire facias against D. C. Holland, for a large sum in favor of Bouldin, under whose execution the negro was sold#
The value of the slave as proved, was f500; the price given was considerably less* A. W, Holland, borrowed ibe money to pay for him, and within two days after-wards refunded it, in t tank notes, some of which were the same which he had borrowed*
In a few days afterwards, D. C. Holland was in possession of the slave* There is proof that A. W. Holland disclaimed title, positively to one witness, and virtually to another.
But the jury decided that there was no fraud, and as the cause will be remanded for a new trial, for reasons unconnected, with the question of fraud, it would not be proper1 for this court to determine whether the facts proved on the late trial, would be sufficient to justify a verdict for Holland.
Nor shall we intimate whether the evidence, as reported to us in the record, would necessarily show a fraud in law. We will only remark, that whether there was fraud in fact, depends on the intention of the parties, to the alleged contract; but that whether the contract is fraudulent per sc, must depend exclusively on a single fact, and that is the possession of the vendor after the sale.
If the possession liaccompanied and followed ihe salef it is not fraudulent, unless the intention of the parties was to delay, or defraud creditors or purchasers; but if the possession did not “accomp■ my und follow” the sale, the contract of saléis void in law as to Bouldin, and cannot be aided by proof of honorable and legal intentions.
It appears that when the fieri facias was levied, the slave was in the possession of a stranger who held him on hire. Therefore, at that time, Á. W. Holland had neither the actual possession, nor the legal right to it, unless he could prove that the term had expired, or that Hardy was held by lexander at will, and not for any definite time. There is no such proof. There is proof to the contrary.
In trespass, slave unfer execution, plaintiff cannot recover value of his after levy,
Petition for re-hearing
Wickliffc and Woolcy, and Triplett, for appellant, Denny, and Mills and Brown, for appellees.
Therefore, according to some of the foregoing author# ities, and many others which might be added to thern^ the proof did not show any right by Holland to any thing in the action of trespass. But this objection was waived by the pleadings.
There is another objection to the judgment, which must be fatal. The court permitted Holland to prove the annual value of Hardy’s hire» Thi: proof might be admissible, as a circumstance aiding in the computation of the value of the slave* But it was not necessary for that purpose in this case* Only one witness was examined as to the value of the slave, and he proved that he was worth ‡500, as there was no attempt to prove any other value, it was conceded that $500 was the real value*
The plaintiff could not recover for the use of the slave after he was taken under the execution.
The verdict is about equal to the value of the negro and of his hire.
Not only, therefore, was the proof of the value of hire, calculated to mislead the jury, butit is almost certain, that they weie deceived by it, and therefore, found so high a verdict as $727.
If the evidence, as to the hire, were admissible, for its legitimate purpose, it is evident that it was not introduced for that, but for an illegal end, which it accomplished. And it is very clear too, that the verdict is unjustifiably high, unless there had been proof that the officer had acted unfaithfully, negligently, or unjustly.
Wherefore, the judgment of the circuit courtis reversed, and the cause remanded for a new trial.